Our next case is Atulio Rafael Mena v. Bondi, 24-3309. Good morning. Good morning, Your Honors. May it please the Court, my name is Andrew Ferguson and I represent the petitioner, Mr. Atulio Rafael Mena. And Mr. Ferguson, just to clarify, you would like to reserve two minutes for rebuttal? Is that right? Yes, Your Honor, please. Okay, please proceed. Thank you. Your Honor, this Court's review of the BIA's decision in this case presents a straightforward question, whether New Jersey robbery can be predicated on theft by deception. And New Jersey law provides an equally straightforward answer, yes, because any conduct denominated by That's the question or the answer is straightforward. So your position about theft by deception relies on the idea that the ordinary meaning of a theft offense under the INA excludes theft by deception, right? That's correct. That's because as So your position is so like – so if I see you give your car keys to the valet and I snatch them from the valet stand and I run off with the car, I've committed a theft, right? At that point you haven't gotten consent from the victim. Right, so there's no consent. So that's right. But if I put on a red coat and I impersonate the valet and you hand me the keys and I run off with the car, I have not committed a theft? Well, that would be theft by deception under New Jersey law, and it would be a fraudulent taking. And if we're looking at the INA But isn't that a theft? Like I've taken the – like did you consent to me taking your car? You consented to taking initial possession of the car, yes. And the question under the INA, because there are multiple aggravated felonies, is whether there is an aggravated felony theft offense and whether there is an aggravated felony fraud offense. And Congress has drawn clear lines between these two categories of aggravated felonies. No, I don't think they've drawn clear lines. I mean they do separately say a theft offense or an offense involving fraud or deceit. So there obviously are things that are theft – that is a theft by deception that would not be a fraud and things that are a fraud that would not be a theft by deception. So in New Jersey, fraud requires a material misrepresentation of a presently existing or past fact. But a theft by deception can be a false impression as to law or the intention or other state of mind, including a person's intention to perform a promise. So if I promise to take care of your property and you could show that I never intended to do it and that's how I got it from you, that's a theft. But it would not be a fraud because if it's a future promise, it can't be the basis of a fraud. And on the other hand, there are also fraud offenses that do not involve the taking of property. I could defraud you into – I could commit a fraud by forging a document or lying about my qualifications to get some kind of an honor or to cheat you out of a job we're both competing for or something like that. So as long as there are things that are frauds that are not a theft by deception and there are thefts by deception that are not frauds, doesn't it mean like – it's not duplicative. Like there might be some overlap, but that's the nature of things, that there might be something where they overlap. So why should I read theft offense in the INA as drawing this distinction between me taking the keys from the valet stand and impersonating the valet? It seems like such a trivial distinction. Your Honor, a couple of distinctions there – or responses there. First is even if there are potentially some circumstances where you could have a fraud that's not theft and vice versa if you read without consent to include fraudulent takings. The significant majority of cases would be subsumed instead of just under fraud, would now be under theft. And the fact that Congress has laid these out – Well, first of all, I don't know why it matters where the majority is as long as they both have separate meanings, right? So I just assume here – so if I – first of all, I'm not sure. Like if the language Congress uses actually does overlap, I'm not sure I need to justify the distinction exactly. But let's say that I do. Like why wouldn't it be that Congress says if you trick somebody into giving you their property and you run off with it, that's automatically an aggravated felony. But if you commit some other kind of fraud, like I'm operating an unlicensed business or I'm forging a document to inflate my credentials or whatever, that might be not that serious. And so I'm going to say since it doesn't involve like the direct victimization of the person, I want there to be a threshold of a $10,000 loss. But that's a coherent thing for Congress to have done, isn't it? It's a potential thing that Congress could have done, Your Honor. But in this particular case, as multiple panels of this court has recognized in decisions from the Fourth, Ninth, and Eleventh Circuits, the without consent element has traditionally been understood to exclude takings that are with the consent of the victim that has been fraudulently obtained. But why is it traditionally understood to include that? So like at the time that Congress added this language of theft offense to the INA, the Blacks Law Dictionary defined theft to include obtaining by deception control over property. And Congress used the word not simply theft but theft offense, which suggests it wanted it to be even broader than like the narrow common law definition of theft. So why would – so if that's the ordinary meaning of theft, why don't I – why wouldn't I assign that to the statute that Congress wrote where they used the word theft? Your Honor, so for example, even in New Jersey, theft can be broadly referred to a large category of offenses, and it can also refer to specific categories of theft offense. So theft by unlawful taking or theft by deception. And so some of the sources, for example, that the Third Circuit relied on in the KA decision, the Model Penal Code, for example, even though it had a broad category for theft, still drew a distinction between takings that were without consent and with consent fraudulently obtained. And then if you look at definitions in various state provisions, so we've cited a number of cases in our brief where states apply that without consent element. I understand it's coherent to talk about the idea of consent fraudulently obtained. It's also coherent to talk about consent obtained through extortion or coercion, but you would agree that if the consent is obtained through coercion, it's really without consent, right? Well, yes. Even though it's coherent to explain how you obtained a consent, if it's an invalid consent, it still is the same thing as saying you took it without consent, right? Your Honor, there's a distinction. So if in fact you can say that it is without consent if the consent was obtained by extortion, why can't you say it's without consent if the consent was obtained by deception? Your Honor, there's a fundamental difference between what people have – or the courts have referred to as voluntary consent. So that's the issue of extortion where if the consent is coerced, it's not actually consent versus where there is consent but it's fraudulently obtained. And so the Third Circuit used the reference to intelligent consent, but no other court, no other body has adopted that interpretation. But isn't that the way we normally think about consent? I mean if you sign a contract and it turns out that I tricked you into signing the contract, you're excused from the contract, right? We don't say that you consented to it. Your Honor, it's not a matter of what consent can mean in general parlance. It matters what without consent means in the context of generic federal theft and particularly in the context – Well, wait a minute. So that's why I'm sort of citing ordinary definitions of consent and the way consent is understood throughout the law. It seems to me Congress says theft offenses. If I – if at the time Congress passed that law, I looked up the definition of theft in Black's Law Dictionary, it would tell me that that includes theft by deception. So why isn't that just the ordinary meaning? So if Congress – so if the Supreme Court at some point says the generic definition means without consent, we can interpret that to include the ordinary meaning or to be some kind of idiosyncratic specialized meaning. Really, they're talking about the ordinary meaning because they're talking about what generic theft is. Well, in the context of theft, there is a specific meaning. And again, to point this court to the Model Penal Code, which does recognize a separate distinction between takings without consent and takings with consent that has broadly been obtained. And that also is seen in state case law in defining the offense of theft. And as the United States Supreme Court has recognized, what states define as a particular offense is relevant in determining the generic offense. And so in understanding what the generic offense of theft is – But you're saying that most states do not criminalize theft by deception as a theft? So a number of courts do criminalize theft by deception as a theft, but they also do distinguish between, for example, theft by unlawful taking, which might be traditional arsony, versus theft by deception. That doesn't tell me what the ordinary meaning of theft is, right? So there are different penalties for theft by force and maybe theft by extortion and maybe theft by deception and other things. That doesn't mean that it's not all understood to be a theft, right? We know that when Congress wrote theft offense, they wanted to capture everything that could be characterized as a theft. So we have this case that says, well, at common law, theft of services was not considered a theft. But now most states do consider it a theft, and so we think Congress was trying to capture that. So theft by deception was a theft at common law, right? Larceny by trick. And so isn't this even more closely tied to the ordinary meaning of theft than theft of services? No, Your Honor. And again, I'd point to those state cases that we cite too that impose that without consent requirement for theft versus other types of takings that involve fraud, the Model Penal Code. And I think that's reinforced again by the structure of the INA where we have two separate provisions that Congress has enacted. But I just explained that. I think you agreed that those things don't overlap entirely, right? There will be offenses of theft by deception that are not frauds, and there will be frauds that are not thefts by deception, right? So as long as it's not entirely duplicative, we're not rendering anything surplusage, the fact that there's some overlap I think doesn't mean that we need to depart from the ordinary meaning of the words. Your Honor, it's not just some overlap. It's possible that there may be some instances on the periphery where some threat does not fraud and vice versa. But in the vast majority of cases, if without consent— Wait, why is it the vast majority of cases? I mean if you look at the New Jersey statutes, there's all sorts of – first of all, the INA says any offense involving fraud or deceit. The New Jersey statutes have forgery, misuse of food stamp coupons, identity theft, possession of fraudulent receipts, falsification of records, all sorts of things. Falsification of records, it doesn't have to be because you're obtaining property. It could be you want to cover up something else that you did, right? There are all sorts of fraud offenses that don't involve the taking of property. And as I said, sometimes – and for a fraud offense, it has to be a misrepresentation of present or past fact, whereas theft by deception could be a future promise. So there's a lot of non-overlapping conduct, isn't there? There is some non-overlapping conduct potentially, but again, if we look back at what Congress would have been legislating against, the Model Penal Code, the state statutes and course interpreting state statutes as imposing— But what Congress would have been legislating against, you really think Congress would have said, somebody who snatches the keys from the valet stand, that guy automatically should be deportable. But the guy who impersonates the valet to steal cars, I don't know, maybe that guy is different and he's good and we want to keep him in the country. Why would Congress possibly make a distinction between those two people? So, Your Honor, I think that more goes to the application of the categorical approach rather than what Congress was intending between having these two different— Well, you just told me that Congress would have wanted to make this distinction. So now you're saying that Congress accidentally made the distinction. But, Your Honor, talk about removability categorically. I think that the intuition there is maybe that that is an anomalous result, that that little change would result in that change in outcome. But that's a function of applying the categorical— I understand that the guy who impersonates the valet and gets the keys, in the ordinary understanding, like a normal speaker of English would describe that guy as a thief, right? Some may describe him as a thief, yes. But again, that's one of the anomalous results of— Well, then can I ask about the other argument in the case? So Bita is convicted of robbery, right? And the New Jersey statute say in the course of committing a theft, you use or threaten force, right? So there's another subsection that applies, but yes— Well, in fact, a certain kind of crime, I guess. We're focused on the predicate theft, right? Yes, correct. And the New Jersey Supreme Court tells—or other authorities tell us, and the BIA said this too, that if you're committing a theft by deception and in the middle of it you start using or threatening force, it's no longer a theft by deception. So isn't it really unrealistic that we'd ever see a robbery conviction for—that's predicated on a theft by deception? No, Your Honor. And I'm not aware of any New Jersey Supreme Court case or appellate case that has said that a theft by deception would be transformed into a theft by unlawful taking simply because force was used at some point in the theft. But we don't— Well, the New Jersey Supreme Court says that the use of force has to be related to the taking of the property, right? Correct, Your Honor. Okay, so then if you don't agree that they've said it explicitly, why isn't that just the case? So if, in fact, the law is that it's only a robbery if at some point in the course of taking property from somebody you use or threaten force, wouldn't that—even if it began as a theft by deception, it would become a forceful taking of property, right? No, Your Honor. And I think it's important to look at the window of when the force or other aggravating factor can take place. So State v. Lopez, the case that's cited by the government, makes clear that the force can be applied at any time from the start of the attempted theft all the way until the flight is completed. And that's consistent with the text of the robbery statute, which says that in the course of committing theft includes flight from theft. So, for example, you can have an instance where the theft is completed, and then in the process of fleeing—this is the State v. Sewell case cited in our brief—they injure somebody else in their flight. And so it's entirely possible that you have a theft by deception that is completed without force. Then there's force against another person? Correct, Your Honor. Because you have a case where that happens? So State v. Sewell, it wasn't a theft by deception case, but the force that occurred was after the theft had been completed. So you're saying in principle you could have this scenario where somebody is carrying a gun or something but doesn't use it because he's just duping somebody on a property and then in flight shoots somebody else? Yeah, I mean that's possible. In the case of Sewell, it was running into people as they were trying to get away with the property they had stolen. But even then we have an example from State v. Houston itself where it's admitted that there is a theft by deception in the course of which the defendant assaulted the victim. And the court upheld the conviction for robbery because theft by deception can in fact serve as a predicate for robbery. Well, we don't know about that because that's an ineffective assistance of counsel, right? That case, that Houston case you're talking about? Your Honor, actually— The court says something like it appears to have been a theft by deception, right? So Your Honor, it looks at what the defendant admitted happened, said that amounts to a theft by deception, and said because the assault is part and parcel of that theft by deception, robbery was— But isn't that the kind of scenario I was just talking about? So let's say you're doing a theft by deception, right? So there he was selling fake drugs, right? And then the person or the buyer didn't pay as much as the seller wanted. And so then in order to get the full amount, he applies or uses or threatens force, right? Isn't it then the case that he's now obtaining property with force? So initially, the initial theft would have been by deception, and simply because he might be seeking more money later doesn't take away from the fact that that theft has occurred and that the force afterwards is still in connection with the theft. Well, right, but couldn't that also be charged as a theft, like a coercive theft, not simply a theft by deception because he's using coercive force in the course of it? So it's possible that a court or a prosecutor could charge it under theft by unlawful taking, and as we've argued in our brief, even that provision encompasses some fraudulent takings or takings that are not without consent. But ultimately the question is what would the jury need to find in order to convict this person for robbery? We need to find that he used or threatened force. I'm going to bracket the threat in the first degree or secondary offense for the moment. But that he used or threatened force in the course of a theft, right? Correct. In the course of committing the theft, which again spans all the way from the initiation of the attempted theft all the way until the completion of the flight. And at any point, that's with state versus local. But it has to be that there's some connection between the use of the force and the intent to take the property, right? That's what the New Jersey Supreme Court says. So if it's like totally disconnected from the theft, it wouldn't count. Sure, but I think it's important to look at the context of state versus Lopez. So there it was talking about afterthought robbery where there was an assault, and after the assault was completed, then the defendant took property from the victim. And the court said, no, afterthought robbery is not a valid offense in New Jersey. But it made clear that if the force took place any time between the attempted theft and the completion of the flight, that can support a robbery conviction. So, Mr. Ferguson, we've kept you up considerably past the allotted time. We thank you for that. You have still reserved two minutes for rebuttal. Why don't we hear from the government right now? And we have Mr. Ramnitz for the government.  May it please the court, Your Honor, this is Tim Ramnitz on behalf of the United States Attorney General. The petitioner argues that New Jersey robbery conviction includes theft by deception, therefore not a theft offense under the INA. What's important in this case is that no one in New Jersey has ever been convicted of a robbery based on theft by deception. And that's his best argument, is under realistic probability. He has shown, this Houston case, that someone has been convicted and prosecuted for robbery by theft by deception because it's not clear otherwise. And Houston doesn't actually show that. And we go through Houston, as the panel already noted, in the posture in the IC case. But you start at the beginning of that case and unwind what happened in Houston, and it shows he was charged not with theft by deception robbery. That's not indicated anywhere below. But he was pled guilty to robbery. And then he challenged that in the post-conviction relief court. And that court, too, said, he said, his argument was, I could be convicted of assault but not robbery. And that's the Lopez case, where if it's unconnected, you can say, hey, I should have been convicted of assault, I should have been convicted of theft, but not together because the violence was not connected to the robbery. Can I ask you a bigger picture question? Let's say that you had an abundance of riches in the sense of the views of this court that both of your arguments were right or whatever. I guess you can't really have them both right. Which do you think is the more persuasive argument on your behalf? Because you have the alternative arguments, right? You have the BIAs running the money, you have the Third Circuit, the KAs running the money. Which do you think, if we had to pick a theory, which one is the correct one? Keeping in mind that I don't think we're, after Loper Bright, deferring to the BIA just because we think they have a better view of the law. What's the government's position? I mean, I think I know from the order in which your arguments were presented, but which do you think is the correct construction of the law? It would follow the order of the arguments. I'm sorry. It would follow the order of the arguments. Okay. Why would we need to pick between the arguments? I mean, couldn't it both be true that the meaning of a theft offense under the INA includes a theft by deception? And at the same time, it's also true that under New Jersey law, you could never expect a robbery charge to be predicated on a theft by deception. Both of those things can be true. There's no reason why one needs to choose one or the other, right? No, but the question was if I had to choose. Fair enough. That's how I framed it at the end. Well, then let me frame it a different way, which is let's assume we agreed with both. In your view, would we need to definitively choose between the two or say, look, there are two possible theories. There are only two possible theories of how you read the law. They both come out in the government's favor, and therefore we need not say which one of them. Because no matter how you slice it, it comes up the same. That's correct. Is that something we would do? I don't know. What is the government asking us to do, I suppose, is another way of framing the question. Well, the government, we would say, if you agree with one argument, you don't have to reach the other. But you certainly could reach both no matter how persuaded you are about them. So if they're both persuasive and you think they're both correct, you should adopt both. Does the panel have further questions? Yeah. Actually, if you could just tease out a little bit your, I guess, the first argument as to why theft by deception in your view does qualify as an aggravated felony. Or does, am I saying that the right way? Are we talking about the second argument, why theft by deception would be encompassed in the definition of theft? Yes. Well, we just think it is. I'm not sure what the order is, but yes, that's the question.  I think it is what the panel noted before. It's the most ordinary reading of theft. It's hard to say that Congress would have intended to parse out this definition in such an odd manner, where you have certain types of coerced consent not part of theft, and other types of coerced consent are theft. But is there an element of your adversary suggested that part of the discrepancy that was raised during his argument or the idea of this doesn't seem to fit, partially just a reaction to the categorical approach and the fact that it does result in unusual and sometimes disfavored types of outcomes? So this idea of like, well, Congress wouldn't want it to be that this doesn't qualify isn't really the full question. The question is in doing the analysis that's required and looking at this statute and these definitions and what we're supposed to be doing. What is, I guess that's the— So I think when we start with the categorical approach, we still have to define what Congress wanted the generic definition of theft to be. So when we're comparing the two definitions and the state definition of their offense and what Congress defined to be offense, we are using the categorical approach, but we also have to ask— But Congress doesn't really define the generic offense in the way that—in the sort of— No, because that's why it's up to courts to sometimes discern what they wanted that definition to be. And that's what the government's argument would be is that that makes the most sense for what Congress would have wanted. Or put differently, why would they have wanted to parse it in such an odd manner? But, yeah, I think the point you're making is that a lot of times when we're talking about the categorical approach, we're deciding what a crime of violence is. Then we investigate the elements to determine whether it necessarily requires the use—threatened use or intended use of force. But in this case, it's not like that. It's not an elements-based definition. Congress just says a theft offense is automatically an aggravated felony. So we're trying to decide what the term theft offense means. And so then the question is whether that language encompasses a theft by deception.  But I guess part of my concern, though, is in figuring out what a theft means, if the analysis is sort of focused on the outcome. Like, oh, we don't want this theft to be the outcome, so that can't be the definition, I guess, is what I was suggesting. It's not necessarily outcome-focused. It's not outcome-focused. We're saying the outcome is dictated by what the definition of theft is based on what Congress would have interpreted it. So we're saying the outcome is based on how the court would say Congress wanted that to be interpreted. And in terms of what—and so I guess two things. One is the statute—the INA doesn't just say theft. It says theft offense, which we've said is even broader than theft, the common law definition of theft, right? But theft by deception is part of the common law definition of theft, right, because it's larceny by a trick. And so I pointed out that there is an odd result if you say Mr. Maina's interpretation would lead to somebody who snatches an item treated differently than somebody who tricks the person into giving up the item. And it seems like that's arbitrary. Is there arbitrariness on either side? I don't even— Why would Congress make such an arbitrary distinction? That doesn't make a lot of sense based on how we ordinarily understand theft. We would all think both those scenarios would be theft. And you agree that there are cases that would be a theft by deception and not a fraud, and there would be cases that are a fraud and not a theft by deception. Correct. So that means they're not entirely overlapping, and it might be that Congress says I want a loss limit on those fraud cases that don't involve taking property directly from another person. Correct. So I said – sorry. So that's the first argument about the meaning of theft. But then with respect to Mr. Ferguson's argument about whether theft by deception can be a predicate for robbery, I pointed out the argument that if you're using force in the course of the robbery, it's not really a theft by deception anymore. And he said, yeah, but maybe it's a theft by deception, and once that you obtain the property in flight, you use force, and that might be a robbery. What about that? Does that show that you could have – that it's realistic to think that there might be a robbery charge predicated on a theft by deception? I don't believe it's realistic, and that's why they cite Houston. Houston was not cited to the board, so we're dealing with it here in the first instance. But Houston doesn't establish that realistic probability because even at the end of the day, you see the appeals court, the court of appeals, say that there was ultimately a violent taking in this case. It was a continuum of events. You started with theft by deception. That's why the court says in the course of committing a theft by deception. But both the PCR court and the appellate court both focus on the fact that ultimately he took money by assaulting someone, and that's why it became a robbery. Okay, so I get that. That became a robbery when you're using the force against the person from whom you're taking property. Is it realistic to think about the scenario where you complete a theft by deception against one person and then in flight, you use force against a third person? And would that be a case where you have a robbery charge predicated on a theft by deception? I think you'd have to point to a case where prosecution of that occurred, and that's the realistic probability test, and we don't have that. What we have is this Houston case, which I know at first blush has this reaction of, well, the appeals court starts talking about theft by deception, so it must have been a robbery based on theft by deception. But that's not what happened in that case, and you look at what the PCR court decided when they said – I get that, but I'm – so maybe your answer might be that this is just the application of legal imagination, so it's not enough.  But let's indulge the legal imagination a little bit. So if in fact I have these both principles from the New Jersey Supreme Court, one is that the use of force or threatened force needs to be related to the taking of property. It needs to be part of my mens rea for taking the property, but it also can be something that occurs in flight. So if I deceive somebody into giving me their property and then I flee and I use force against another person in order to get away, have I committed a forceful theft because I've used force to get property? Or is it true that that is a robbery, but the theft was by deception? Well, I read Lopez, and that's why we cited this, is that it says language that has to be coterminous with the violence. It has to – you can have this intent to steal precede the violence, but it all has to lead up to that moment where the violence and the theft are linked. So I don't think it's realistic at the end of the day. I always worry, though, when we adopt – let's say we adopted that view that this is something that couldn't be charged. The legal imagination can kind of be viewed in two ways. One is, oh, I doubt that would ever happen in real life. They'll never have to bother charging that because it's a man bites dog scenario. You can't imagine it happening in real life. And another one of saying it's so bizarre to imagine anyone would ever be prosecuted for that. Like everybody would know you would charge two charges, theft and then later an assault on the bystanders. And I always worry that if we adopt a limiting construction, it would be like saying to the New Jersey courts, if they ever look at it and say, oh, well, gosh, maybe we need to adopt that limiting construction. So if somebody actually does it, we're not going to prosecute them, even though maybe under New Jersey law they should be open to prosecution under there. You know what I mean? There's always this danger of us adopting limiting constructions of state statutes, which if followed by the state courts, would handcuff prosecutions that perhaps the state legislature intended. Is that a danger that we run sometimes? I don't believe that's a danger. I've never seen state courts follow what a federal court interprets their law. Maybe they ignore us. And it's true they're not bound by us. But is there not an inherent possibility of tension where we say your statute is narrow, but then they may come along later and say, what are you talking about? What are you talking about? Why are you telling me our hands are tied? That's ridiculous. I say the realistic probability test is when someone claims there's tension. And that's what the court would look at. We would say here that that acts as a backstop. When someone's saying it covers this conduct, it's prosecuted this way, realistic probability test, the court would be saying, does it really do that? So that's sort of a probabilistic assessment on the part of our, you're saying the realistic probability standard is something of our probabilistic assessment of will such a tension ever conceivably come up? And if we think, no, come on, we're not going to be bumping up against what the state courts would plausibly do with the statute, then we're not so worried. But if we do think, well, no, I mean, there's some realistic chance they may want to or somebody could get prosecuted for that, and we do then perceive some possible tension, then we back off. And I don't know, is that a way of conceiving it? I think that is it. They can always come to court again and actually have the case this time. And they can also ignore us. I get that. So I guess what you would say is that maybe there is that risk. I mean, there are other contexts where it might be more of a risk. So when we make an eerie guess as to what a state court is going to decide, we're just kind of predicting based on interpretive principles how they might decide a hypothetical case. But here we would – it's even more – it's more of a basis because you're saying the burden is on the alien to identify an actual case where it's happened. That if it's never actually happened, then you're not really – it's not as much of a risk of intruding on the prerogative of the state if they've had the statute in place for some long period of time and they haven't actually done a prosecution like this. It's not realistically probable at that point. Okay. All right. I think we have your argument. Any other questions? No. Thank you very much. Why don't we hear from Mr. Ferguson? You've reserved two minutes for rebuttal. Why don't we try to keep it pretty tight though for two minutes because we have already taxed your patience. Understood. Thank you, Your Honor. I'd like to briefly address both the New Jersey law point and then the federal generic definition of theft. So on the New Jersey law point, I'd just like to take a step back because before we even get to the realistic probability test, you first have to determine whether or not the statute clearly covers the conducted issue or whether it's of indeterminate reach. And here, the New Jersey robbery statute clearly incorporates theft, and under the consolidation provision of New Jersey law, all theft is treated as a single offense. And the New Jersey Supreme Court in tally made clear that means that any conduct denominated as theft under the New Jersey criminal code can serve as a predicate for robbery. It's within the four corners of the robbery indictment. So the court doesn't even need to look at realistic probability because the statute itself provides that realistic probability. But it doesn't though, right? So if the way the argument works is, well, technically a theft by deception could be the predicate offense because it just says theft and then includes all the theft offenses. But if in fact the way the robbery statute works is you have to use or threaten force in the course of committing the theft, then it's never going to be simply a theft by deception. Your Honor, I push back on that second point. It's like we don't just look at the fact that it uses the word theft and that technically could include a theft by deception. We have to look at all the elements of the statute and decide what necessarily would be included in the prosecution. Sure, and I think it's important to look at Lopez, which the government keeps coming back to. And the government said that the force need only be coterminous with the theft. But Lopez actually said coterminous or after the theft. And so it is entirely possible to have a completed theft by deception followed by use of force. Do we have any case where there's a completed theft of deception followed by use of force? We don't have a clear example. Houston did have force that was used as part of the theft. Yeah, but there the force was in the middle of the theft, right? And it was used against the person from whom he was taking the property.  So do you disagree that that could have been charged as a forcible theft? Potentially, but the jury could still convict under a theory of theft by deception. But wouldn't it only do that if it didn't think that the person actually used the force? Well, the ultimate question of the categorical approach is what the jury must find, not what they could or may find or most likely would find. In this case, they could find that there was a theft by deception accompanied by force that amounted to robbery, and that would qualify. Okay. Thank you very much, Mr. Ferguson. We will take the case under advisement. And let me just say thank you to both counsel on both sides. Very well argued. Thank you.